UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAL ABNER SERNA, | : | |
|     Petitioner | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-cv-01467 (JCH) |
| | : | |
| ALBERTO R. GONZALES, | : | OCTOBER 13, 2006 |
| Attorney General of the | : | |
| United States; MICHAEL | : | |
| CHERTOFF, Secretary of the | : | |
| Department of Homeland | : | |
| Security; BUREAU OF | : | |
| IMMIGRATION CUSTOM | : | |
| ENFORCEMENT (Boston Field | : | |
| Office Director); BUREAU OF | : | |
| IMMIGRATION CUSTOM | : | |
| ENFORCEMENT (Hartford | : | |
| Field Office Director) | : | |
|     Respondents. | : | |

**RULING RE: RESPONDENTS' MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 7)**

The petitioner, Ral Abner Serna, seeks a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254.  Serna claims that his detention by the United States Bureau of Immigration and Customs Enforcement violates his due process and equal protection rights under the Fifth Amendment of the United States as well as his rights under applicable Federal law.  Serna principally requests that this court direct the respondents, Alberto R. Gonzales, Michael Chertoff, the Bureau of Immigration Custom Enforcement (hereinafter "BICE") (Boston Field Office Director) (hereinafter "BICE Boston"), and the Bureau of Immigration Custom Enforcement (Hartford Field Office Director) (hereinafter "BICE Hartford"), to release him under an order of supervision, or, in the alternative, to grant him a custody review hearing.

The respondents move to dismiss Serna's Petition for lack of subject matter

jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the respondent's motion is granted.

I.  **BACKGROUND**[1]

    A.  Parties

Serna is a native and citizen of Peru who entered the United States without inspection on or around February 20, 1997. Since March 1, 2006, Serna has been in detention at the Plymouth County Correctional Facility ("Plymouth"). Gonzales is Attorney General of the United States and, in that capacity, heads the Department of Justice ("DOJ"). In turn, the DOJ oversees the Executive Office of Immigration Review ("EOIR") and the Board of Immigration Appeals ("BIA"). Chertoff is the Secretary of DHS and also oversees the BICE. The BICE is the agency within DHS that is allegedly responsible for Serna's arrest and detention. BICE Boston's field office maintains day-to-day responsibility over Serna's detention, and BICE Hartford's office currently holds and is responsible for reviewing Serna's administrative file.

    B.  Facts and Procedural History

On April 3, 2001, Serna was placed in removal proceedings pursuant to a Notice to Appear. Jackeline Arbieto, Serna's wife and a legal permanent resident of the United States, submitted an I-130 application on Serna's behalf on April 23, 2001. Subsequently, Serna's previous counsel submitted several motions requesting that his immigration proceedings be continued in order to permit adjudication of his I-130 application. Despite these requests, the Immigration Judge ("IJ") handling the matter

---

[1] For the purposes of this Ruling, the court assumes the parties' familiarity with the relevant facts and procedural history of the case.

refused to grant Serna any further continuances and ordered him removed from the United States. Serna's prior counsel then appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), but the BIA denied said appeal on March 23, 2004. Upon denial by the BIA, Serna's order of removal became final.

Because Serna's prior counsel did not notify him of the BIA's actions until April 22, 2004, Serna was unable to file a timely appeal of the BIA's denial to the Second Circuit. Instead, Serna filed a Motion to Reopen and Remand with the BIA on December 6, 2005, alleging, *inter alia*, ineffective assistance of counsel. In the meantime, Serna's I-130 application had been approved on March 7, 2005.

On March 1, 2006, BICE Hartford officers arrested and detained Serna. That same day, BICE Hartford transferred Serna to Plymouth, and Serna filed his initial Petition for a Writ of Habeas Corpus with the District of Connecticut. The court denied Serna's petition without prejudice after finding that Serna's deportation was not imminent because no deportation date had been set.

Nearly a month after Serna's arrest, the BIA denied his Motion to Reopen and Remand on April 3, 2006. Serna then filed an appeal of the BIA's decision to the Second Circuit, which appeal is currently pending. The respondents have represented that they will not remove Serna until the Second Circuit resolves his petition. See Order re: Motion to Stay (Doc. No. 5) (denying Serna's Emergency Motion to Stay Removal because Government had not set a removal date in light of the pending Second Circuit petition). At some point after appealing to the Second Circuit, Serna amended his Petition to the District of Connecticut. In an opinion by Judge Arterton, the court denied Serna's petition after finding that the Supreme Court's decision in Zadvydas v. Davis,

533 U.S. 678 (2001), did not entitle him to release because he could not demonstrate "a good reason to believe there is no likelihood of [his] removal in the reasonably foreseeable future." Serna v. Sec'y of the Dep't of Homeland Sec., No. 3:06cv308 at 5-6 (Doc. No. 14) (D.Conn. Aug. 30, 2006) (quoting Zadvydas, 533 U.S. at 701). The denial, however, was without prejudice, as the court granted Serna permission to renew his petition if he did not receive the six-month custody review required by Zadvydas and 8 C.F.R. § 241.4. Id. at 8.

## II. DISCUSSION

The respondents argue in their current Motion to Dismiss that the doctrine of collateral estoppel bars Serna's release because he presents this court with a petition identical to the one that Judge Arterton denied in her August 31 Ruling. Serna counters that the Petition before this court is not identical to the one decided by Judge Arterton. With respect to Serna's alternative request for a six-month custody review, the respondents submit that this application is moot because Serna has received the review he seeks. However, Serna argues that, although he received a custody review, his review violated 8 C.F.R. § 241.4 because the respondents did not provide him with advance notice of the review.

### A. Collateral Estoppel

The doctrine of collateral estoppel acts to bar "the relitigation of issues actually litigated and *decided* in the prior proceeding, as long as that determination was essential to that judgment." Link Group Int'l v. Toymax, 127 F.Supp.2d 280, 281-82 (D.Conn. 2000) (quoting Johnston v. Arbitrium Handels AG, 198 F.3d 342, 346 (2d Cir.

1999)). To avoid the application of collateral estoppel to his Petition, Serna argues that the current Petition presents two issues that were not before Judge Arterton: his challenge of the IJ's refusal to continue his case and his pending I-212 application to waive his inadmissibility. The court addresses these new claims in turn.

        1.      The IJ's Refusal to Continue Serna's Case

Serna's first response to the Motion to Dismiss is that, under 8 C.F.R. § 1003.29 and Matter of Velarde, 23 I&N Dec. 253 (BIA 2002), the IJ's decision not to continue his case was unlawful. Without expressing an opinion on the merits of this argument, the court finds that it lacks jurisdiction to consider Serna's challenge to the IJ's decision. To the extent that Serna attempts to undo his final order of removal, he must bring that claim before the appropriate court of appeals. See 8 U.S.C. § 1252(a) (5). To the extent that Serna's challenge of the IJ's decision not to grant a continuance can be separated from the final order of removal, such an application must also be brought before the appropriate court of appeals. See 28 U.S.C. § 2349(a).

        2.      The Pending I-212 Application

To establish that his detention exceeds the period reasonably necessary for removal, the petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. In his Opposition, Serna alerts this court to the fact that he has filed an application under Section 212(a) of the Immigration and Nationality Act to remove his removal disqualifications. While conceding that he is not "automatically entitled" to these waivers, Serna contends that the pending application demonstrates that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Res.

Opp. at 8 (Doc. No. 10).  Under Zadvydas, however, Serna cannot establish that his removal is not in the reasonably foreseeable future when his own, self-initiated legal proceedings are the source of delay.  See Mandarino v. Ashcroft, 318 F.Supp.2d 13, 18 (D.Conn. 2003) (holding that Zadvydas requires petitioner to show that his detention is due to the action or inaction of the government).

Thus, though Serna does present this court with claims not heard by Judge Arterton, neither of his assertions are legally valid.[2]

### B. BICE Boston's Custody Review

Serna next asserts that he did not receive any advance notice of BICE Boston's review of his custody, which he argues is required by Section 241.4 of Title 8 of the Code of Federal Regulations.  The court finds no support in this regulation for Serna's contention.  As Serna himself notes, Section 241.4(d) (2) states only that the alien must be served with "all notices, decisions, or other documents in connection with the custody review conducted under this section."  8 C.F.R. § 241.4(d) (2).  The plain language of this section appears to allow the BICE to provide aliens with notice of its custody decisions after conducting the relevant custody review.  Serna is indeed correct that post-hearing notice robbed him of any opportunity to present his case for supervised release.  Absent a direct challenge to the constitutionality of this statute, however, the court is obligated to give effect to the statute's unambiguous language.

---

[2]Serna also submits that he should not be punished for appealing the BIA decision to the Second Circuit.  While stating no position as to whether Serna's continued detention during the pendency of his appeal constitutes "punishment," the court finds no basis in law to grant relief on this ground.

**III.	CONCLUSION**

For the foregoing reasons, the respondents Motion to Dismiss (Doc. No. 7) is GRANTED.  The clerk is hereby directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of October, 2004.

/s/ Janet C. Hall  
Janet C. Hall  
United States District Judge
